UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| Institutional ID No. 1698514, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-175-BG |
| WILLIAM JONES, III, | ) | ECF |
| Smith Unit, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I. **Procedural History**

Plaintiff Daniel Rodriguez filed this civil rights action on August 2, 2013, complaining of events that occurred during his incarceration at the Preston E. Smith Unit. The undersigned scheduled a hearing to be held pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), but Rodriguez was subsequently released from prison and did not appear at the hearing. According to a notice of change in address, Rodriguez resided in Arlington, Texas, at that time.

After the date of the hearing, the undersigned entered an order requiring Rodriguez to file responses to a Questionnaire on or before January 17, 2014. Rodriguez failed to do so, and the undersigned entered a second order requiring Rodriguez to file responses to a Questionnaire. The responses were due on or before February 21, 2014. As of this date, Rodriguez has not filed responses.

II. **Recommendation**

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*,

370 U.S. 626, 630–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is therefore recommended that the United States District Court dismiss Plaintiff's Complaint for want of prosecution.

### III.  Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2013); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     February 21, 2014.

NANCY M. KOENIG
United States Magistrate Judge